UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AUDREY COCHRAN PLAINTIFF

vs. CIVIL ACTION NO. 3:12-cv-857 DPJ-FKB

TRI-STATE TRUCK CENTER, INC. DEFENDANT

ORDER

This employment-discrimination case is before the Court on Defendant's Motion for Summary Judgment [37]. Plaintiff responded in opposition. The Court finds that Defendant's motion should be granted because Plaintiff failed to establish a prima facie case of retaliatory discrimination.

I. Facts and Procedural History

Plaintiff, Audrey Cochran, began working for Defendant, Tri-State Trucking, in September 2007 as a scanning clerk. Pl.'s Compl. [1] at ¶ 6. Tri-State then promoted Cochran to the position of accounts-payable clerk in March of 2010. Def.'s Mem. Supp. Summ. J. [38] at 2. But on March 1, 2012, Tri-State terminated Cochran, claiming that her work contained numerous errors. *Id.* at 2–3. Tri-State introduced evidence of the alleged errors, insisting such examples are "only a sampling" of what occurred during Cochran's employment as the accounts-payable clerk. *Id.* at 6 (citing Ex. K).

Cochran counters that her termination occurred because she opposed racial discrimination against a co-worker, Angela Patrick. Pl.'s Mem. Opp. Summ. J. [40] at 3. Ms. Patrick filed two EEOC claims against Tri-State, and Cochran maintains that Tri-State subsequently instructed her not to associate with Ms. Patrick while at work. *Id.* Cochran states that she and Ms. Patrick were "good friends," and that she "voiced her opinion" that Ms. Patrick should have been given

the opportunity to work in a more senior position at the company. *Id.* She further believes that Tri-State failed to promote Ms. Patrick due to her race. *Id.*

Aggrieved by her termination, Cochran filed a Charge of Discrimination with the EEOC alleging retaliation. The EEOC issued a right-to-sue letter, and Cochran initiated this lawsuit on December 17, 2012. Her complaint alleges (1) unlawful retaliation in violation of Title VII and 42 U.S.C. § 1981; (2) negligent and/or intentional infliction of emotional distress; and (3) wrongful termination. Defendant seeks summary judgment on all claims. The Court has personal and subject-matter jurisdiction.

II. Standard of Review

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for

trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

When reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. If such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

III. Analysis

A. Conceded and Abandoned Claims

Cochran concedes that her claim for intentional and/or negligent infliction of emotional distress is not supported by applicable law. Pl.'s Mem. Opp. Summ. J. [40] at 20. She also admits that summary judgment should be granted as to her wrongful termination claim. *Id.* Those claims are therefore dismissed.

B. Retaliation Claim

1. Legal Standard

Title VII retaliation claims based on circumstantial evidence proceed under the familiar *McDonnell Douglas* burden-shifting framework.[1] *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). The plaintiff must first establish a prima facie case by showing: "(1) [she] participated in an activity

---

[1]Claims under 42 U.S.C. § 1981 follow the same method of analysis. *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005).

protected by Title VII; (2) [the] employer took an adverse employment action against [her]; and (3) a causal connection exists between the protected activity and the materially adverse action." *Aryain v. Wal–Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008) (citing *McCoy*, 492 F.3d at 557). Upon establishing a prima facie case, the burden shifts to the employer to produce a legitimate, nonretaliatory reason for the employment action. *Id.* "If the employer meets this burden of production, the plaintiff then bears the burden of proving that the employer's reason is a pretext for the actual retaliatory reason." *Id.* (citing *McCoy*, 492 F.3d at 557)); *see also Univ. of Tex. Sw. Med. Ctr. v. Nassar*, —— U.S. ——, ——, 133 S. Ct. 2517, 2533 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation . . . [t]his requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.").

2. Protected Activity

A threshold issue exists as to whether Cochran engaged in a protected activity. Cochran offers three candidates: (1) her stated opinion that Ms. Patrick should be promoted to a new position; (2) her refusal to follow Ms. Barrett's instructions to stay away from Ms. Patrick; and (3) her participation in Ms. Patrick's EEOC claims. Pl.'s Mem. Opp. Summ. J. [40] at 3, 11. Tri-State responds that none qualify as protected activity. Def.'s Mem. Supp. Summ. J. [38] at 9–11. It further argues that allegation (3) fails as to temporal proximity. *Id.*

Protected activity implicates conduct "made an unlawful employment practice by" Title VII. 42 U.S.C. § 2000e-3(a). "Magic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue." *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) (citations

omitted). "Title VII protects opposition only when the plaintiff opposed conduct Title VII prohibits. As often stated, Title VII 'does not set forth a general civility code for the American workplace.'" *Wynn v. Miss. Dep't of Human Servs.*, No. 3:09-cv-717-DPJ-FKB, 2011 WL 3423142, at *6 (S.D. Miss. Aug. 4, 2011) (citing *Burlington N. Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006)) (some quotations omitted). It follows that the Fifth Circuit has "consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir. 2011) (collecting cases and holding that complaints of "hostile work environment" did not constitute protected activity); *see also Brown*, 406 F. App'x at 840 (holding that undefined claim of "discrimination" was not protected activity).

The Court will address the three alleged protected acts in light of these standards. Cochran first claims that she engaged in protected activity by supporting Ms. Patrick's bid for a promotion. As stated in her legal memorandum, Cochran "made it clear . . . that Ms. Patrick was clearly being subjected to illegal race discrimination." Pl.'s Mem. [40] at 10. But Cochran fails to cite any record evidence supporting that contention in violation of Federal Rule of Civil Procedure 56(c)(1).[2] The argument also conflicts with Cochran's own deposition testimony in which she concedes that she never mentioned race. *See* Cochran Dep. 154–55 (testifying that she told supervisor that "what they're doing to Angela is wrong" without "bring[ing] up race"); *id*. at 162 (testifying that she told general manager, "They're not giving her a chance," without mentioning race).

---

[2]In other portions of her memorandum, Cochran suggests that she specifically complained about race, but the deposition testimony she cites does not support the argument. *See* Cochran Dep. at 147–52, 196–97.

These statements are as vague as those rejected in other Fifth Circuit cases. For example, in *Carter v. Target Corp*., an African American employee complained that "white employee's work tasks were being diverted to her," that she was over worked and had received negative performance reviews. — F. App'x —, 2013 WL 5509164, at *4 (5th Cir. Oct. 4, 2013) (per curiam). The Fifth Circuit affirmed summary judgment finding no protected activity. *Id*. (citing *Davis*, 448 F. App'x at 493); *see also Riley v. Napolitano*, 537 F. App'x 391 (5th Cir. 2013) (per curiam) (affirming summary judgment because statement, "I feel as if I am being mistreated," was too vague to constitute protected activity). Cochran acknowledges this line of cases, but attempts to flip the inquiry by arguing that there was nothing vague about the racial comments made by one of the managers. But the inquiry focuses on Cochran's statements and whether she conveyed opposition to conduct Title VII makes unlawful. *Id*. No such evidence is before the Court.

As for Cochran's claim that she refused to disassociate from Ms. Patrick, opposition may take the form of refusal to obey an order because of a reasonable belief that it is discriminatory. 2 EEOC Compliance Manual § 8-IIB2 (cited in *Dorantes v. Tex. Tech Univ. Health Scis. Ctr.*, No. EP-02-CA-394-DB, 2003 WL 21474255, at *4 (W. D. Tex. June 23, 2003)). But requiring Plaintiff to stay within her work area or refrain from associating with Ms. Patrick does not amount to, under these facts, employment discrimination against Ms. Patrick. *See Dorantes*, 2003 WL 21474255, at *4 (holding that "[t]he key to 'opposition clause' protection . . . is that the employee must oppose some unlawful activity"). Cochran's oral statements reflected in allegations (1) and (2) are too "vague" to constitute protected activity. *Davis*, 448 F. App'x at 493.

Alternatively, Cochran argues that she participated in Ms. Patrick's EEOC claims by alerting Ms. Patrick to derogatory comments in the workplace. Pl.'s Cmpl. [1] at ¶ 13. An employee engages in protected activity when she has "(1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." *Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 372 (5th Cir. 1998) (quoting 42 U.S.C. § 2000e-3(a)). Cochran admits, however, that she did not speak with the EEOC about Ms. Patrick's claim, and she produces no other probative evidence to support this contention. *See* Pl.'s Mem. Opp. Summ. J. [40] Ex. 5, Cochran Dep. 203–04. She likewise fails to show that the decisionmaker was aware of this alleged protected activity.[3]

Accordingly, Cochran has failed to sustain her burden for summary judgment as to the first prong of a prima facie case of discrimination. All claims are therefore dismissed.[4]

IV. Conclusion

The Court has considered all the arguments. Those not specifically addressed would not change the result. For the foregoing reasons, Defendant's Motion for Summary Judgment

---

[3]To the extent that Cochran relies on temporal proximity to establish the necessary causal connection at the prima facie stage, such allegations require a "very close" connection between events to survive summary judgment. *Strong v. Univ. Healthcare Sys., LLC*, 482 F.3d 802, 808 (5th Cir. 2007) (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)). Nearly nine months passed between Ms. Patrick's second EEOC claim and Cochran's termination. *See Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471–72 (5th Cir. 2002) (holding that five-month time lapse precluded inference of causal link from temporal proximity).

[4]As the Court dismisses Count I and Cochran concedes Counts II and III, no substantive issues remain. Count IV, containing Plaintiff's prayer for punitive damages, is therefore moot.

[37] is granted. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 19th day of February, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE